**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LUIS ALFREDO GUZMAN and ROSALIA JIMENEZ, Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § § | C.A. No. _____ |
| v. | § § § § | |
| LA CASONA GRILL CAFÉ, INC. RESTAURANT; BENJAMIN GALLARDO, Individually; and SABAS GALLARDO, Individually, | § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Luis Alfredo Guzman and Rosalia Jimenez (referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid regular and overtime wages from Defendants La Casona Grill Café, Inc.; and Benjamin Gallardo, Individually; and Sabas Gallardo, Individually (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

## I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendants violated the FLSA by failing to pay their nonexempt employees at the minimum wage for all hours worked and by failing to pay their nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) per each seven (7) day workweek.

3. Plaintiffs bring this collective action under section 16(b) of the FLSA on behalf of themselves and all other similarly situated employees in order to recover unpaid regular and overtime wages. 29 U.S.C. § 216(b).

## II. JURISDICTION & VENUE

4. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute. Additionally, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

### III. THE PARTIES

6. Plaintiff Luis Alfredo Guzman is a resident of Brazoria County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties, Guzman was engaged in commerce or in the production of goods for commerce. Guzman regularly worked in excess of forty (40) hours per week. However, Guzman did not receive pay for all hours worked at the minimum wage, nor did he receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7. Plaintiff Rosalia Jimenez is a resident of Brazoria County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing her duties, Jimenez was engaged in commerce or in the production of goods for commerce. Jimenez regularly worked in excess of forty (40) hours per week. However, Jimenez did not receive pay for all hours worked at the minimum wage, nor did she receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8. Defendant La Casona Grill Café, Inc. is a Texas corporation that may be served with process by serving its registered agent, Benjamin Gallardo, at 912 South Belle Drive, Angleton, Texas 77515. Alternatively, if the registered agent of La Casona

Grill Café, Inc. cannot with reasonable diligence be found at its registered office, La Casona Grill Café, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

9. Defendant Benjamin Gallardo, Individually is an individual who may be served with process at 912 South Belle Drive, Angleton, Texas 77515 or wherever he may be found. Defendant Benjamin Gallardo, Individually may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

10. Defendant Sabas Gallardo, Individually is an individual who may be served with process at 912 South Belle Drive, Angleton, Texas 77515 or wherever he may be found. Defendant Benjamin Gallardo, Individually may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

11. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

12. Defendants La Casona Grill Café, Inc. (collectively referred to as "La Casona") own and operate a restaurants located in the territorial jurisdiction of this Court.

13. Defendants Benjamin Gallardo and Sabas Gallardo, are officers and/or directors and/or managing members of La Casona. As such, they have operational control of La Casona and/or effectively dominate its administration or otherwise act, or have the power to act, on behalf of La Casona vis-à-vis its employees. This is includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

14. In connection with their business operations, Defendants collectively employ numerous waiters, waitresses, bartenders, busboys, food runners, cooks, kitchen help, etc.

15. From approximately 2008 through September 2011, Guzman was employed by Defendants as a waiter and busboy.

16. From approximately February 2011 through May 2011, Jimenez was employed by defendants as a waiter.

17. Waiters and busboys, including Guzman and Jimenez, are responsible for presenting menus to customers, explaining menu items to customers, answering questions from patrons about food and beverages, taking food and drink orders, delivering orders to customers, serving alcoholic beverages to customers, cleaning tables, etc.

18. Waiters and bus boys, including Guzman and Jimenez, regularly work in excess of forty (40) hours per week.

19. Defendants do not pay waiters and bartenders, including Guzman and Jimenez, at the minimum wage for all hours worked, nor do they pay waiters and bus boys, including Guzman and Jimenez, overtime wages for hours worked in excess of forty (40) per each seven (7) day workweek at a rate of time and one-half as required by the FLSA.

20. Instead, waiters and busboys, including Guzman and Jimenez, are denied compensation altogether. In other words, Defendants require waiters and busboys, including Guzman and Jimenez, to work without pay. For example, Defendants routinely "write down" the number of hours worked by waiters and bartenders, including Guzman and Jimenez, so that they are paid for fewer hours than they actually work.

21. Additionally, Defendants violated the minimum wage provisions of the FLSA by requiring waiters and busboys, including Guillory, to participate in an invalid tip pool. Specifically, Defendants unlawfully retained for themselves part or all of the tips that belonged to waiters and busboys in violation of the FLSA.

22. On information and belief, these same illegal pay practices were applied to all employees of Defendants who were compensated in the same or similar manner to that of Plaintiffs.

## V. COUNT ONE—VIOLATION OF THE FLSA

**A. Defendants Failed to Properly Compensate Plaintiff for All Hours Worked at the Minimum Wage and at the Rate of Time and One-Half for All Overtime Hours Worked.**

23. Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above-sections of this Complaint.

24. On information and belief, Plaintiffs were a nonexempt employee under the guidelines of the FLSA.

25. As a nonexempt employee, Plaintiffs were legally entitled to be paid at the minimum wage for all hours worked and at one and one-half times their "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. 29 U.S.C. §§ 206(a), 207(a).

26. Defendants failed to pay Plaintiffs at the minimum wage for all hours worked.

27. Defendants failed to pay Plaintiffs for all hours worked in excess of forty (40) at one and one-half times their regular rate.

28. Additionally, Defendants required Plaintiffs to participate in an invalid tip pool.

29. As a result, Plaintiffs were regularly "shorted" on their paycheck by not being paid at the minimum wage for all hours worked and at a rate of time and one-half for hours worked in excess of forty (40).

30. In the event that Defendants classified Plaintiffs as exempt from the minimum wage or overtime requirements of the FLSA, Plaintiffs were misclassified, as

no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiffs at the minimum wage for all hours worked and/or full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

31. Rather, Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of failing to pay Plaintiffs proper overtime wages.

**B.  Defendants Failed to Keep Accurate Records of Time Worked.**

32. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

33. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

**C.  Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

34. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

35. No exemption excuses Defendants from failing to pay Plaintiffs at the minimum wage for all hours worked and at their proper overtime rate of time and one-half for all hours worked in excess of forty (40).

36. Defendants have not made a good faith effort to comply with the FLSA.

37. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiffs.

## VI. COUNT TWO—COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above-sections of this Complaint.

39. On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified above in violation of the FLSA.

40. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied payment for all hours worked at the minimum wage and overtime wages at a rate of time and one-half for hours worked in excess of forty (40) each workweek.

41. Defendants' patterns or practices of failing to pay the minimum wage and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

42. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

43. All employees of Defendants, regardless of their rate of pay, who were not paid at the minimum wage for all hours worked and/or at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former waiters, waitresses, bartenders, busboys, food runners, cooks, kitchen help, or any other employee: (1) who worked at any business that was owned, operated, and/or acquired by Defendants during the class period; (2) who were compensated on an hourly basis; and/or (3) who were not properly paid at least the minimum wage and at a rate of time and one-half for hours worked in excess of forty (40) per workweek.

44. Plaintiffs have retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiffs and any other Members of the Class.

## VII. COUNT THREE—FAILURE TO PAY WAGES

45. Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above-sections of this Complaint.

46. Defendants' practice of failing to pay their nonexempt employees at the minimum wage for all hours worked and overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) each workweek is in direct violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

47. Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff his full and proper compensation. 29 U.S.C. § 216(b); TEX. LAB. CODE §§ 61.011-61.020.

48. Plaintiffs are entitled to payment at the minimum wage for all hours worked.

49. Plaintiffs are entitled to payment for all hours worked in excess of forty (40) each workweek in an amount that is one and one-half times their regular rate of pay.

50. Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid regular and overtime wages as a result of Defendants' failure to comply with the requirements of the FLSA. 29 U.S.C. § 216(b).

### VIII. JURY REQUEST

51. Plaintiffs request a trial by jury.

### IX. PRAYER

52. WHEREFORE, Plaintiffs and all similarly situated employees who join this action respectfully request this Court:

   a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

   b. Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

   c. Declare Defendants' violations of the FLSA to be willful;

   d. Award Plaintiffs and all those similarly situated damages for the amount of unpaid minimum wages and unpaid overtime compensation, subject to proof at trial;

   e. Award Plaintiffs and all those similarly situated an equal amount as liquidated damages, as specifically required by the FLSA;

   f. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

   g. Award expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action;

   h. Award postjudgment interest as allowed by law;

   i. Award costs of court of prosecuting Plaintiffs' claims; and

   j. Award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Curt Hesse
    State Bar No. 24065414
    Federal Id. No. 968465
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**